UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ALONZO BERNARD HUNTER, III,

    Plaintiff,

v.                                Case No. 3:22-cv-547-MMH-MCR

DETECTIVE MAZONE and
JACKSONVILLE SHERIFF'S
OFFICE,

    Defendants.
_____

**ORDER OF DISMISSAL WITHOUT PREJUDICE**

Plaintiff Alonzo Bernard Hunter, III, a Georgia inmate housed at Jenkins Correctional Facility in Millen, Georgia, initiated this case by filing a pro se Civil Rights Complaint under 42 U.S.C. § 1983. Doc. 1. He also moves to proceed in forma pauperis. Doc. 2. He names two Defendants – Detective Mazone and the Jacksonville Sheriff's Office. Doc. 1 at 2. Hunter asserts that on October 15, 2021, officers from the Jacksonville Sheriff's Office arrested him while he was in his vehicle. Id. Hunter alleges that Defendant Mazone ordered officers to "pounce" on Hunter and destroy his vehicle when Hunter asked to see a warrant before exiting his car. Id. at 5. According to Hunter, during the arrest, officers tore his sunroof and busted his driver side window before moving the car to another location to search it without a warrant. Id. He also

contends he has "reason to belie[ve] contraband was planted in his vehicle." Id. Hunter asserts that when officers broke his window, glass got stuck in his hand causing him to bleed. Id. at 6. He maintains that he suffered minor bruises from officers' punches and that he was denied medical treatment at the scene but was treated at UF Shands Hospital later that night. Id. Hunter asserts Defendants used excessive force during his arrest, violating his rights under the Fourth Amendment. Doc. 2 at 1. He also alleges Defendants' actions resulted in property damage and amounted to "theft" and "police misconduct." Id. As relief, he requests monetary damages for vehicle repairs and incidental costs stemming from this incident. Doc. 1 at 6.[1]

The Prison Litigation Reform Act (PLRA) requires a district court to dismiss a complaint if the court determines the action is frivolous, malicious, or fails to state a claim on which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B). As for whether a complaint "fails to state a claim on which relief may be granted," the language of the PLRA mirrors the language of Rule

---

[1] A review of the Jacksonville Sheriff's Office website shows that on October 15, 2021, officers arrested Hunter for resisting an officer without violence, possession of cocaine, possession of not more that 20 grams of marijuana, and sale of cocaine. See Jacksonville Sheriff's Office, Department of Corrections, JSO Inmate Information Search – Inmate Report, available at www.inmatesearch.jaxsheriff.org (last visited June 6, 2022). Hunter was released on bond on October 17, 2021 and officers arrested him again on November 29, 2021 on a fugitive warrant from the state of Georgia for violating parole. Id. Hunter is currently in the custody of the Georgia Department of Corrections. See Georgia Department of Corrections, Offender Query, available at www.dcor.state.ga.us (last visited June 6, 2022).

12(b)(6), Federal Rules of Civil Procedure, so courts apply the same standard in both contexts. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997); see also Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not suffice. Id. (quotations, alteration, and citation omitted). Moreover, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001) (quotations and citations omitted).

In reviewing a pro se plaintiff's pleadings, a court must liberally construe the plaintiff's allegations. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011). But the duty of a court to construe pro se pleadings liberally does not require the court to serve as an attorney for the plaintiff. Freeman v. Sec'y, Dept. of Corr., 679 F. App'x 982, 982 (11th Cir. 2017) (citing GJR Invs., Inc. v. Cnty. of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998)).

3

Hunter's Complaint is subject to dismissal under this Court's screening obligation because he fails to "state a claim to relief that is plausible on its face." See Iqbal, 556 U.S. at 678. To state a claim under § 1983, a plaintiff must allege "(1) both that the defendant deprived [him] of a right secured under the Constitution or federal law and (2) that such a deprivation occurred under color of state law." See Bingham, 654 F.3d at 1175 (alteration in original).

First, as to Defendant Jacksonville Sheriff's Office, "Florida law has not established Sheriff's offices as separate legal entities with the capacity to be sued." Faulkner v. Monroe Cnty. Sheriff's Dep't, 523 F. App'x 696, 701 (11th Cir. 2013)[2]; see also Monroe v. Jail, No. 2:15-cv-729-FtM-99MRM, 2015 WL 7777521, at *2 (M.D. Fla. Dec. 3, 2015) ("The jail is not an actionable legal entity because it does not enjoy a separate legal existence independent of the County or the Sheriff's Office." (citation omitted)); Mellen v. Florida, No. 3:13-cv-1233-J-34, 2014 WL 5093885, at *8 (M.D. Fla. Oct. 9, 2014) (recognizing that sheriff's offices and jail facilities are not amenable to suit under § 1983); Donovan v. Parker, No. 6:10-cv-855, 2010 WL 3259717, at *2-3 (M.D. Fla. Aug. 16, 2010) (finding that a sheriff's office and detention center have no capacity

---

[2] The Court does not rely on unpublished opinions as binding precedent; however, they may be cited in this Order when the Court finds them persuasive on a particular point. See McNamara v. GEICO, 30 F.4th 1055, 1060–61 (11th Cir. 2022); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36–2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

to be sued). Thus, Hunter fails to state a claim upon which relief may be granted against that Defendant.

To the extent that Hunter seeks to pursue a false arrest claim, he fails to allege Defendant Mazone or the arresting officers lacked probable cause. An arrest supported by probable cause is an "absolute bar to a subsequent constitutional challenge to the arrest." Gates v. Khokhar, 884 F.3d 1290, 1297 (11th Cir. 2018). Thus, Hunter does not state an actionable false arrest claim against Defendant Mazone.

To the extent that Hunter intends to allege Defendant Mazone used excessive force during his arrest, he must allege that "the force purposely or knowingly used against him was objectively unreasonable" under the circumstances. Kingsley v. Hendrickson, 576 U.S. 389, 397 (2015) (holding courts should apply an objective standard when assessing whether an officer used excessive force during an arrest, a standard that turns on "the facts and circumstances of each particular case," including what the officer knew and did). Hunter has failed to allege any facts suggesting that Defendant Mazone's use of force was objectively unreasonable under the circumstances. But likely of more import, Hunter fails to allege sufficient facts connecting Defendant Mazone to the use of force. Notably, Hunter only alleges Defendant Mazone ordered other unnamed officers to "pounce," which is too vague and conclusory to state a claim for relief.

Hunter also fails to allege any facts suggesting that Defendant Mazone was deliberately indifferent to Hunter's medical needs by not immediately calling medical to treat Hunter's injuries at the scene of the arrest. Deliberate indifference requires "three components: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence." Farrow v. West, 320 F.3d 1235, 1245 (11th Cir. 2003) (citations omitted); see Patel v. Lanier Cnty., 969 F.3d 1173, 1188-89 & n.10 (11th Cir. 2020) (recognizing "a tension within [Eleventh Circuit] precedent regarding the minimum standard for culpability under the deliberate-indifference standard," as some cases have used "more than gross negligence" while others have used "more than mere negligence"; finding, however, that it may be "a distinction without a difference" because "no matter how serious the negligence, conduct that can't fairly be characterized as reckless won't meet the Supreme Court's standard" (citations omitted)). Hunter has failed to allege facts suggesting that Defendant Mazone knew that delaying Hunter's medical attention presented a substantial risk of serious harm to Hunter and he disregarded that risk by not ensuring Hunter was immediately treated at the time of arrest. See Stone v. Hendry, 785 F. App'x 763, 768 (11th Cir. 2019) ("Subjective knowledge cannot be shown by demonstrating that an officer deviated from standard policy, or even that he was grossly unreasonable in his actions."). Thus, this claim is due to be dismissed.

Finally, Hunter's allegations concerning his lost or damaged property are not cognizable under § 1983. The Due Process Clause is not offended when a state employee intentionally deprives a prisoner of his property as long as the state provides him with a meaningful post-deprivation remedy. See Hudson v. Palmer, 468 U.S. 517, 533 (1984); Jackson v. Hill, 569 F. App'x 697, 698 (11th Cir. 2014); Taylor v. McSwain, 335 F. App'x 32, 34 (11th Cir. 2009) ("Regarding deprivation of property, a state employee's unauthorized intentional deprivation of an inmate's property does not violate due process under the Fourteenth Amendment if a meaningful post deprivation remedy for the loss is available."). Hunter has an available, adequate post-deprivation remedy under state law. "Under Florida law, [a plaintiff] can sue the officers for the conversion of his personal property." Jackson, 569 F. App'x at 698 (citing Case v. Eslinger, 555 F.3d 1317, 1331 (11th Cir. 2009)). Moreover, any assertion that Defendant Mazone was negligent when he failed to ensure that Hunter's property was replaced or returned does not rise to the level of a Fourteenth Amendment violation. See Maddox v. Stephens, 727 F.3d 1109, 1119 (11th Cir. 2013) (stating mere negligence does not rise to the level of a substantive due process violation). As such, this claim is due to be dismissed.

Accordingly, it is

**ORDERED AND ADJUDGED:**

1. This case is **DISMISSED without prejudice.**

2. The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 13th day of June, 2022.

**MARCIA MORALES HOWARD**
United States District Judge

Jax-7
C:  Alonzo Bernard Hunter, III, #1293545